## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **HEALTHIER CHOICE FLOORING, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:11-CV-2504-CAP** |
| | ) | |
| **CCA GLOBAL PARTNERS, INC., CARPET ONE, INC., DALTON CARPET ONE FLOOR & HOME, and ETOWAH CARPET ONE FLOOR & HOME,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

**COMES NOW** Defendants CCA Global Partners, Inc., Carpet One, Inc.,

Dalton Carpet One Floor & Home, and Etowah Carpet One Floor & Home, by and

through their attorneys, Hawkins Parnell Thackston & Young LLP and Thompson

Coburn LLP, and for their answer to Plaintiff's Complaint state as follows:

1.      Paragraph 1 of Plaintiff's Complaint asserts a legal conclusion to

which no response is required.  To the extent that a response is required,

Defendants deny the allegations of Paragraph 1 of Plaintiff's Complaint.

2.      Defendants lack information sufficient to form a belief as to the truth

of the allegations of Paragraph 2 of Plaintiff's Complaint and therefore deny them.

- 1 -

3.     Defendants admit the allegations of Paragraph 3 of Plaintiff's Complaint.

4.     Defendants deny the allegations of Paragraph 4 of Plaintiff's Complaint.

5.     Defendants deny the allegations of Paragraph 5 of Plaintiff's Complaint.

6.     Defendants admit the allegations of Paragraph 6 of Plaintiff's Complaint.

7.     Defendants admit the allegations of Paragraph 7 of Plaintiff's Complaint.

8.     Defendants deny the allegations of Paragraph 8 of Plaintiff's Complaint.

9.     Defendants admit that this Complaint purports to assert a civil action under the Lanham Act and that the Court has jurisdiction over this matter. Defendants deny all remaining allegations of Paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit that they transact business within this district and that this Court has jurisdiction.   Defendants deny all remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Defendants admit that venue is proper in this district.   Defendants deny all other allegations in Paragraph 11 of Plaintiff's Complaint

12.     Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiff's Complaint and therefore deny the allegations.

13.     Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiff's Complaint and therefore deny the allegations.

14.     Defendants deny the allegations of Paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit that under 15 U.S.C. §1057(b) a registration of a mark on the primary register under the Lanham Act "shall be prima facie evidence . . . of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate."   Defendants deny all remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of Plaintiff's Complaint and therefore deny the allegations.

17.     Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of Plaintiff's Complaint and therefore deny the allegations.

18.     Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of Plaintiff's Complaint and therefore deny the allegations.

19.     Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of Plaintiff's Complaint and therefore deny the allegations.

20.     Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of Plaintiff's Complaint and therefore deny the allegations.

21.     Defendants admit that Plaintiff approached one or more Defendants about carrying products by Healthier Choice Flooring, LLC ("HCF").  Defendants further admit that the parties were unable to reach any agreement.  Defendants deny the remaining allegations of Paragraph 21 of Plaintiff's Complaint.

22.    Defendants admit that certain Carpet One stores carry the Healthier Living Flooring Installation System.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of Plaintiff's Complaint and therefore deny the allegations.

23.    Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of Plaintiff's Complaint and therefore deny the allegations.

24.    Defendants deny the allegations of Paragraph 24 of Plaintiff's Complaint.

25.    Defendants deny the allegations of Paragraph 25 of Plaintiff's Complaint.

26.    Defendants deny the allegations of Paragraph 26 of Plaintiff's Complaint.

27.    Defendants deny the allegations of Paragraph 27 of Plaintiff's Complaint.

28.    Defendants deny the allegations of Paragraph 28 of Plaintiff's Complaint.

29.    Defendants admit that they use the mark "Spill Bloc" in conjunction with their marketing of the Healthier Living Flooring Installation System.

30.     Defendants deny the allegations of Paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations of Paragraph 31 of Plaintiff's Complaint.

32.     Defendants deny the allegations of Paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations of Paragraph 33 of Plaintiff's Complaint.

34.     Defendants deny the allegations of Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the allegations of Paragraph 35 of Plaintiff's Complaint.

36.     Defendants admit the pads used as part of the Healthier Living Floor Installation System are manufactured by third-party vendors.  Defendants deny the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendants admit that the carpet pad used in the Healthier Living Flooring Installation System is manufactured by someone other than Defendants.

38.     Defendants deny the allegations of Paragraph 38 of Plaintiff's Complaint.

## COUNT I

39.     Defendants incorporate the preceding paragraphs as though fully set forth herein in response to Paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations of Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations of Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny the allegations of Paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations of Paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations of Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny the allegations of Paragraph 45 of Plaintiff's Complaint.

## COUNT II

46.     Defendants incorporate by reference the preceding paragraphs as though fully set forth herein in response to Paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the allegations of paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny the allegations of Paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations of Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations of Paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations of Paragraph 51 of Plaintiff's Complaint.

## COUNT III

52.     Defendants incorporate by reference the preceding paragraphs as though fully set forth herein in response to Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations of Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations of Paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny the allegations of Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations of Paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations of Paragraph 57 of Plaintiff's Complaint.

## COUNT IV

58.     Defendants incorporate by reference the preceding paragraphs as though fully set forth herein in response to Paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations of Paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations of Paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the allegations of Paragraph 61 of Plaintiff's Complaint.

62.     Defendants deny the allegations of Paragraph 62 of Plaintiff's Complaint.

## COUNT V

63.     Defendants incorporate by reference the preceding paragraphs as though fully set forth herein in response to Paragraph 63 of Plaintiff's Complaint.

64.     Defendants deny the allegations of Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the allegations of Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny the allegations of Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations of Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations of Paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny the allegations of Paragraph 69 of Plaintiff's Complaint.

70.     Defendants deny the allegations of Paragraph 70 of Plaintiff's Complaint.

71.     Defendants deny the allegations of Paragraph 71 of Plaintiff's Complaint.

## COUNT VI

72.     Defendants incorporate by reference the preceding paragraphs as though fully set forth herein in response to Paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the allegations of Paragraph 73 of Plaintiff's Complaint.

74.     Defendants deny the allegations of Paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the allegations of Paragraph 75 of Plaintiff's Complaint.

## COUNT VII

76.     Defendants incorporate by reference the preceding paragraphs as though fully set forth herein in response to Paragraph 76 of Plaintiff's Complaint.

77.     Defendants deny the allegations of Paragraph 77 of Plaintiff's Complaint.

78.     Defendants deny the allegations of Paragraph 78 of Plaintiff's Complaint.

79.     Defendants deny the allegations of Paragraph 79 of Plaintiff's Complaint.

80.     Defendants deny the allegations of Paragraph 80 of Plaintiff's Complaint.

## COUNT VIII

81.     Defendants incorporate by reference the preceding paragraphs as though fully set forth herein in response to Paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny the allegations of Paragraph 82 of Plaintiff's Complaint.

83.     Defendants deny the allegations of Paragraph 83 of Plaintiff's Complaint.

84.     Defendants deny the allegations of Paragraph 84 of Plaintiff's Complaint.

85.     Defendants deny the allegations of Paragraph 85 of Plaintiff's Complaint.

## COUNT IX

86.     Defendants incorporate by reference the preceding paragraphs as though fully set forth herein in response to Paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny the allegations of Paragraph 87 of Plaintiff's Complaint.

88.     Defendants deny the allegations of Paragraph 88 of Plaintiff's Complaint.

## ADDITIONAL DEFENSES

A.     Plaintiff does not possess trademark rights in some or all of the marks asserted against Defendants because those marks are not used as a source indicator.

B.     Plaintiff's marks asserted against Defendants are not recognized by consumers as a source indicator.

C.     Plaintiff's alleged HEALTHIER CHOICE mark and other asserted marks have not become distinctive of Plaintiff's goods in interstate commerce.

D.     Plaintiff has not developed secondary meaning in the alleged HEALTHIER CHOICE mark and other asserted marks.

E.     Plaintiff's alleged HEALTHIER CHOICE mark and other asserted marks are not famous.

F.     Defendants' use of the Healthier Living Flooring Installation System does not cause the ordinary consuming public to associate it with Plaintiff's alleged marks.

G.     Plaintiff's claims are barred by operation of 15 U.S.C. § 1125(c)(6).

H.     Each count of Plaintiff's Complaint has failed to state a claim upon which relief can be granted.

I.     Plaintiff is barred from receiving the equitable relief it seeks because of detrimental reliance, unclean hands, estoppel, and laches.

J.     At all times alleged by Plaintiff in the Complaint, Defendants' actions constituted fair business competition.

K.     Plaintiff has failed to mitigate any alleged damages, such that Defendants' liability, if any, for Plaintiff's damages, if any, should be diminished to the extent of Plaintiff's failure to mitigate.

L.     Some or all of Plaintiff's claims are barred by the doctrine of fair use.

M.     Plaintiff's claims fail because there is no likelihood of confusion between Defendants' Healthier Living Flooring Installation System and Plaintiff's products.

N.     Plaintiff's claims fail because there is no likelihood of dilution of Plaintiff's asserted trademarks by Defendants' actions and/or Healthier Living Flooring Installation System.

O.     Plaintiff's claims fail because Plaintiff has not been damaged by defendants' sale of the Healthier Living Flooring Installation System.

P.     The Healthier Living Flooring Installation System is sufficiently distinct from Plaintiff's asserted trademarks so as to avoid confusion, deception or mistake as to the source or sponsorship or association of Plaintiff's goods.

Q.     Plaintiff's Healthier Choice carpet pad is not offered to the same consumers as the Healthier Living Flooring Installation System.

R.     On information and belief, Plaintiff's asserted trademarks already co-exist with numerous third party HEALTHIER CHOICE marks.  To the extent that Plaintiff's asserted trademarks co-exist with such third party marks, the consuming public will readily differentiate between the asserted trademarks and the Healthier Living Flooring Installation System without any likelihood of confusion.

S.     Plaintiff's asserted trademarks and trade dress are weak and not entitled to a wide scope of protection because of the extensive third-party use.

T.     Plaintiff's activities with respect to the subject matter in its Complaint constitute trademark misuse because Plaintiff is knowingly attempting to impermissibly broaden the scope of its trademark rights for anti-competitive effect.

U.     Plaintiff's claims fail because the asserted marks are not registered within the meaning of O.C.G.A. §§ 10–1–450.

## COUNTERCLAIMS

CCA Global Partners, Inc., D.C.O., Inc. (d/b/a Dalton Carpet One Floor & Home), and Etowah Decorating Center, Inc. (d/b/a Etowah Carpet One Floor & Home) (collectively "Defendants"), assert the following counterclaims against Plaintiff Healthier Choice Flooring, LLC ("HCF").

- 15 -

1.    CCA Global Partners, Inc. is a Delaware Corporation, with its principal place of business in Earth City, Missouri.

2.    D.C.O., Inc., which operates under Dalton Carpet One Floor and Home, is a Georgia Corporation, with its principal place of business in Athens, Georgia.

3.    Etowah Decorating Center, Inc., which operates under Etowah Carpet One Floor and Home is a Georgia Corporation, with its principal place of business in Canton, Georgia.

4.    Upon information and belief, HCF is a Georgia limited liability company with its principal place of business at 401 Jones Street, Dalton, Georgia.

5.    This Court has subject matter jurisdiction over Carpet One's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

## COUNT I - Declaratory Judgment of Non-Infringement

6.    Defendants reassert and reallege the preceding paragraphs of this counterclaim as though fully set forth herein.

7.    Plaintiff claims that Defendants' Healthier Living Flooring Installation System infringes on Plaintiff's alleged trademark rights in its HEALTHIER CHOICE mark and other asserted marks under Federal and Georgia State law, as described in Plaintiff's Complaint.

8.     Defendants' sale of the Healthier Living Flooring Installation System does not infringe the alleged trademark rights in the HEALTHIER CHOICE mark and other asserted marks.

9.     The marks asserted by Plaintiff are merely descriptive.

10.     Plaintiff has not developed secondary meaning in its HEALTHIER CHOICE mark and other asserted marks.

11.     The marks asserted by Plaintiff are not recognized by consumers as a source indicator.

12.     The marks asserted by Plaintiff were not intended to be a source indicator.

13.     There is no likelihood of confusion between Defendants' Healthier Living Flooring Installation System and Plaintiff's products.

## COUNT II – Declaratory Judgment of No Dilution

14.     Defendants reassert and reallege the preceding paragraphs of this counterclaim as if fully set forth herein.

15.     Defendants' Healthier Living Flooring Installation System does not dilute the alleged trademark rights in Plaintiff's Healthier Choice mark and other asserted marks under Federal and State law, as declared in Plaintiff's Complaint.

16.     Plaintiff's marks are not famous.

17. Plaintiff's claims are barred by operation of 15 U.S.C. § 1125(c)(6).

18. Defendants' use of the Healthier Living Flooring Installation System does not cause the ordinary consuming public to associate it with Plaintiff's alleged marks.

19. Plaintiff's claims fail because there is no likelihood of dilution of Plaintiff's asserted trademarks by Defendants' Healthier Living Flooring Installation System.

## PRAYER FOR RELIEF

**WHEREFORE**, CCA Global Partners, Inc., Dalton Carpet One Floor & Home, and Etowah Carpet One Floor & Home respectfully request that this Court enter judgment against Healthier Choice Flooring, LLC as follows:

a. A judgment against Healthier Choice Flooring, LLC, dismissing the Complaint with prejudice;

b. A judgment that this case is exceptional, entitling defendants to their reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

c. A judgment that defendants are entitled to their reasonable attorneys' fees under O.C.G.A. §§ 10-1-373, 13-6-11, and/or other applicable Georgia law;

d. A declaration that defendants do not infringe or dilute and never have infringed or diluted any trademarks owned by Healthier Choice Flooring, LLC;

e.      Grant defendants such other and further relief, at law or in equity, to which they may show themselves justly entitled, including without limitation its costs and attorneys' fees.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CCA Global Partners, Inc., Dalton Carpet One Floor & Home, and Etowah Carpet One Floor & Home demand a trial by jury of all issues triable of right by a jury.

Respectfully submitted this 30th day of September, 2011.

**HAWKINS PARNELL THACKSTON & YOUNG, LLP**

/s/ Robert S. Thompson
Michael J. Goldman
Georgia Bar No.: 300100
Robert S. Thompson
Georgia Bar No. 709650

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
P: (404) 614-7503
F: (404) 614-7500
E: mgoldman@hptylaw.com
E: rthompson@hptylaw.com
*Attorneys for Defendants*

And

Dean L. Franklin
Jonathan G. Musch
**THOMPSON COBURN LLP**

One US Bank Plaza
St. Louis, Missouri 63101
P: (314) 552-6000
F: (314) 552-7000
E: dfranklin@thompsoncoburn.com
    jmusch@thompsoncoburn.com

*Attorneys for Defendants*

## **CERTIFICATE OF COMPLIANCE**

This is to certify that I have prepared the foregoing **ANSWER TO COMPLAINT AND COUNTERCLAIM** in accordance with LR 5.1, NDGa., and LR 7.1D, NDGa.  Specifically, I used 14 point Times New Roman font.


/s/ Robert S. Thompson

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HEALTHIER CHOICE FLOORING, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:11-CV-2504-CAP |
| CCA GLOBAL, PARTNERS, INC., CARPET ONE, INC., DALTON CARPET ONE FLOOR & HOME, and ETOWAH CARPET ONE FLOOR & HOME, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This certifies that on September 30, 2011 the undersigned served a true and

correct copy of the foregoing document upon all counsel via the Clerk of the Court

by using the CM/ECF system upon all attorneys of record, including:

Jeffey J. Toney
John North
Paul G. Williams
KASOWITZ BENSON TORRES & FRIEDMAN
One Midtown Plaza-Suite 1150
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309


/s/ Robert S. Thompson