IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HEALTHIER CHOICE FLOORING, LLC,

      Plaintiff,

v.

CCA GLOBAL PARTNERS, INC., CARPET ONE, INC., DALTON CARPET ONE FLOOR & HOME, and ETOWAH CARPET ONE FLOOR & HOME,

      Defendants.

Civ. Act. No. 1:11-cv-02504-CAP

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.**    **Description of Case:**

    **(a)**    **Describe briefly the nature of this action.**

Healthier Choice, plaintiff in this action, asserts claims of trademark infringement, unfair competition, trademark dilution, and deceptive trade practices. Healthier Choice contends that defendants committed acts that constitute trademark infringement under the Lanham Act (15 U.S.C. § 1114), Georgia law (O.C.G.A. § 10-1-450, *et seq.*), and/or common law; unfair competition under the

1

Lanham Act (15 U.S.C. § 1125(a)), Georgia law (O.C.G.A. § 23-2-55), and/or

Georgia common law; trademark dilution under the Lanham Act (15 U.S.C.

§ 1125(c)) and/or Georgia law (O.C.G.A. § 10-1-451(b)); and deceptive trade

practices under Georgia law (O.C.G.A. § 10-1-370).  Healthier Choice seeks

injunctive relief and damages as well as attorneys' fees and litigation expenses.

> **(b)** **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

The parties were unable to agree on a Joint Statement of the Facts of this

Case and, consequently, set forth below separate statements.

**Plaintiff's Statement of the Facts of this Case:**

Plaintiff Healthier Choice Flooring, LLC ("Healthier Choice") markets,

sells, and installs padding, cushions, and underlayment (collectively,

"underlayment") for various types of flooring, including carpeting.  Healthier

Choice's products are sold nationwide in many retail stores.  Healthier Choice

holds a famous registered U.S. Trademark for HEALTHIER CHOICE® for

underlayment, and also has common law trademarks for its products.  Consumers

associate Healthier Choice's brand and other trademarks with high quality products

that prevent carpet wear, possess antimicrobial properties, and are environmentally

friendly.

Defendants in this case, CCA Global Partners, Inc., D.C.O, Inc. (d/b/a Dalton Carpet One Floor and Home), and Etowah Decorating Center, Inc. (d/b/a Etowah Carpet One Floor and Home) (collectively, "Carpet One"), also sell underlayment.

Healthier Choice and Carpet One attempted for some time to negotiate an agreement for Carpet One to sell Healthier Choice's underlayment, but never entered into a commercial relationship. During negotiations, Healthier Choice provided to Carpet One a substantial amount of materials bearing its trademarks and describing the unique benefits of its underlayment.

Soon after the negotiations ended, and without permission or license from Healthier Choice, Carpet One began to market a "Healthier Living Pad" product as part of its "Healthier Living Flooring Installation System." Without question, the "Healthier Living Pad" is an underlayment product – although a product manufactured by third parties that lacks the unique qualities of Healthier Choice's underlayment due to design and manufacturing differences. Nevertheless, Carpet One advertises the "Healthier Living Pad" as having the qualities that are unique to the Healthier Choice® underlayment products.

Carpet One's marketing and advertising materials for the "Healthier Living Pad" also incorporate exact copies of, or phrases very similar to, Healthier

Choice's trademarks and/or the phrases used in Healthier Choice's own marketing and advertising materials.  For example, some of Carpet One's advertising and marketing materials for the "Healthier Living Pad" state:  "Make the Healthier Choice," with the words "healthier choice" in a different font and color from other words on the display.

Healthier Choice has been injured as a result of Carpet One's misconduct. One customer that had previously sold the Healthier Choice® underlayment informed Healthier Choice that it instead began to sell Carpet One's "Healthier Living Pad" because the "Healthier Living Pad" had the same qualities as Healthier Choice's underlayment.

Healthier Choice brings this action to stop Carpet One's unfair competition involving the continued infringement of Healthier Choice's marks and to obtain damages for harm suffered.

**Defendants' Statement of the Facts of this Case:**

First, Defendants deny that they infringe any protectable marks owned by plaintiff and further, object to the argumentative nature of plaintiff's statement. Plaintiff Healthier Choice sells underlayment for flooring under the name "Healthier Choice."  Defendants CCA Global Partners, D.C.O., Inc. (d/b/a Dalton Carpet One Floor and Home) and Etowah Decorating Center, Inc. (d/b/a Etowah

4

Carpet One Floor and Home) are, generally, in the business of distributing and selling all types of flooring, including hardwood, carpet, laminate, vinyl and ceramic. Individual Carpet One stores may purchase products for resale from many sources, but may receive benefits from purchasing products from a list of approved vendors. While CCA Global Partners and Healthier Choice have discussed Healthier Choice acting as an approved vendor from time to time the parties were unable to reach an agreement.

Recently, defendants launched a new flooring installation system, called the "Healthier Living Flooring Installation System." This system uses a variety of components to minimize the likelihood that a flooring installation will negatively impact the health of the homeowners (for example). The system includes, among other things, an antimicrobial spray, vacuuming before and after installation, plastic sheeting to contain installation debris, and an antimicrobial cushion. Plaintiff takes issue with the antimicrobial cushion component of defendants' flooring installation system. Plaintiff asserts that defendants infringe the mark Healthier Choice and various other aspects of plaintiff's marketing. Defendants deny this assertion and do not believe that plaintiff possess protectable rights in any of the asserted marks. Defendants' Healthier Living Flooring Installation System is only offered at select Carpet One stores and any customers (in this case

Carpet One stores) who elect to purchase products from the Carpet One Healthier Living Flooring Installation System did not do so based on any confusion between the plaintiff's products and the Healthier Living Flooring Installation System.

Defendants seek a declaration that they do not infringe any protectable trademark rights owned by plaintiff and seek a declaration that they do not dilute any protectable trademark rights owned by plaintiff.

(c)     **The legal issues to be tried are as follows:**

(1)     Whether defendants have committed trademark infringement in violation of the Lanham Act (15 U.S.C. § 1114);

(2)     Whether defendants have committed trademark infringement and/or counterfeiting in violation of Georgia law (O.C.G.A. § 10-1-450, *et seq.*);

(3)     Whether defendants have committed trademark infringement in violation of Georgia common law;

(4)     Whether defendants have committed unfair competition in violation of the Lanham Act (15 U.S.C. § 1125(a));

(5)     Whether defendants have committed unfair competition in violation of Georgia law (O.C.G.A. § 23-2-55);

(6)     Whether defendants have committed unfair competition in
        violation of Georgia common law;

(7)     Whether defendants have committed trademark dilution in
        violation of the Lanham Act (15 U.S.C. § 1125(c));

(8)     Whether defendants have committed acts that will result in a
        likelihood of injury to business reputation or trademark dilution
        in violation of Georgia law (O.C.G.A. § 10-1-451(b));

(9)     Whether defendants have committed deceptive trade practices
        in violation of the Georgia Uniform Deceptive Trade Practices
        Act (O.C.G.A. § 10-1-370, *et seq.*);

(10)    Whether Healthier Choice is entitled to injunctive relief;

(11)    Whether Healthier Choice is entitled, pursuant to 15 U.S.C.
        § 1118 and/or applicable Georgia law, to have delivered up and
        destroyed all goods, labels, signs, prints, packages, wrappers,
        receptacles, and advertisements in the possession or under the
        control of defendants bearing the Healthier Choice® trademark
        or any name, designation or mark containing, or any other
        design substantially and/or confusingly similar to the Healthier
        Choice® trademark and Healthier Choice's other trademarks,

and all plates, molds, matrices, and other means of making the same;

(12)   Whether Healthier Choice is entitled to damages under 15 U.S.C. § 1117, and if so, the amount of such damages;

(13)   Whether Healthier Choice is entitled to have its award of damages trebled and/or increased, and if so, the amount of such damages;

(14)   Whether Healthier Choice is entitled to an award of statutory damages;

(15)   Whether Healthier Choice is entitled to attorneys' fees and/or costs of litigation;

(16)   Whether Healthier Choice is entitled to punitive damages;

(17)   Whether defendants are entitled to a declaratory judgment that they do not infringe Healthier Choice's purported trademarks; and

(18)   Whether defendants are entitled to a declaratory judgment that they do not dilute Healthier Choice's registered trademark.

**(d)   The cases listed below (include both style and action number) are:**

(1)   **Pending Related Cases:**

There are no pending related cases that the parties are aware of at this time.

(2)     **Previously Adjudicated Related Cases:**

There are no previously adjudicated related cases that the parties are aware

of at this time.

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

Healthier Choice does not believe this case is complex and believes that a

four month discovery track should be adequate.  Defendants anticipate that the case

may be complex due to the intellectual property and complex business litigation

issues present in this case, and has indicated such with its "X"s below.

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| __X__ | (2) | Unusually large number of claims or defenses |
| __X__ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| __X__ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| __X__ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information |

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

> Jeffrey J. Toney
> KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
> One Midtown Plaza, Suite 1150
> 1360 Peachtree St., N.E.
> Atlanta, GA 30309
> Telephone:  404-260-6080
> Facsimile:  404-260-6081
> Email:  jtoney@kasowitz.com

Defendants:

> Dean L. Franklin
> THOMPSON COBURN LLP
> One US Bank Plaza
> St. Louis, MO 63101
> Telephone:  314-552-6038
> Facsimile:  314-552-7038
> Email:  dfranklin@thompsoncoburn.com

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____Yes       _X_  No

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined:**

There are no necessary parties to this action that have not been joined.

    **(b)**    **The following persons are improperly joined as parties:**

N/A

    **(c)**    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

N/A

    **(d)**    **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.**    **Amendments to the Pleadings:**

    **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

    **(a)**    **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

    The parties do not anticipate that any amendments to the pleadings will be necessary at this time.

    **(b)**    **Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.**    **Filing Times For Motions:**

    **All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)   *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)   *Summary Judgment Motions:*  within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)   *Other Limited Motions*:  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)   *Motions Objecting to Expert Testimony:*  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.   Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties agree that initial disclosures are appropriate in this action at this

time.  The parties request that initial disclosures be due on December 16, 2011.

**9.   Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Discovery will be needed on the topics listed below.

Healthier Choice believes that discovery will be needed on the following topics:

(1)    Defendants' liability to Healthier Choice;

(2)    The existence of irreparable harm suffered by Healthier Choice;

(3)    The extent of damages owed to Healthier Choice; and

(4)    The extent of attorneys' fees and/or costs owed to Healthier Choice.

Healthier Choice reserves the right to investigate and seek discovery on all other topics that are relevant to the factual and legal issues in this case.

Defendants believe that discovery will be needed as to whether, and to what extent, Healthier Choice possesses trademark rights in any of the purported marks asserted against defendants.  Defendants also believe that discovery will be needed as to whether Healthier Choice's asserted marks are famous and whether defendants' marks are likely to cause confusion with or dilute the Healthier Choice marks.  Defendants reserve the right to investigate and seek discovery on all other topics that are relevant to the factual and legal issues in this case.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties request a six month discovery period.  The parties request that deadline for submitting an expert report on issues for which a party bears the burden of proof be March 2, 2012.  The parties request that the deadline for submitting an expert report on issues for which a party does not bear the burden of proof be April 13, 2012.  The parties also request that the deadline for deposing an expert be thirty days after the date on which the particular expert's report was served.  As the parties conferred on November 30, 2011 pursuant to Fed. R. Civ. P. 26(f), the parties believe discovery began on December 1, 2011 and would end on June 1, 2012.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties request that the requirement under LR 26.1, NDGa that Initial and Expert Disclosures be filed within 30 days after the appearance of a defendant by answer or motion be extended until December 16, 2011.  The parties also request that any expert depositions are in addition to the ten depositions permitted in the Federal Rules of Civil Procedure.

**(b)**   Is any party seeking discovery of electronically stored information?

_____X_____ Yes _____ No

**If "yes,"**

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree that the limitations on the scope of production of electronically stored information is subject to further discussion.

**(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to produce electronically stored information in the form of single page .TIF load files.  The parties agree to produce electronically stored information by CD, or by hard drive if the electronically stored information is substantially voluminous and would not fit on to a small number of CDs.  The parties agree to exclude the production of metadata, without prejudice to request its production at a later date.  The parties agree to provide OCR for the electronically stored information.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

## 12.     Other Orders:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties do not at this time believe any other orders under Rule 26(c) or Rule 16(b) and (c) are necessary.

## 13.     Settlement Potential:

**(a)**     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 11, 2011, and that they participated in settlement discussions beginning November 4, 2011 and

continuing through November 30, 2011.  Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:  Lead counsel (signature):

/s/ Jeffrey J. Toney
Jeffrey J. Toney

Other participants:  Paul G. Williams, Meghan M. Rachford

For defendants:  Lead counsel (signature):

/s/ Dean L. Franklin
Dean L. Franklin

Other participants:  Jonathan Musch, Robert Thompson

**(b)**   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(___X___) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

**(c)**   Counsel (___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is proposed to occur at mediation which will be scheduled to occur during the first quarter of 2012.

**(d)**   The following specific problems have created a hindrance to settlement of this case.

The need for initial discovery.

Scheduling of a mediation to occur during the first quarter of 2012.

**14.     Trial by Magistrate Judge:**

   **Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

   (a)     The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2011.

   (b)     The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

/s/ Jeffrey J. Toney                          /s/ Dean L. Franklin
Counsel for Plaintiff                         Counsel for Defendant


                       * * * * * * * * * * * * *
                       **SCHEDULING ORDER**

   Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

   The discovery period will be for a six month period, which began on December 1, 2011 and will end on June 1, 2012;

   Initial and Expert Disclosures will be due on December 16, 2011;

   The deadline for submitting an expert report on issues for which a party bears the burden of proof is March 2, 2012;

   The deadline for submitting an expert report on issues for which a party does not bear the burden of proof is April 13, 2012;

The deadline for deposing an expert is thirty (30) days after the date on which the particular expert's report was served;

The parties are to engage in mediation to discuss settlement by March 30, 2012.

IT IS SO ORDERED, this _____ day of _____, 20____.

_____
CHARLES A. PANNELL, JR.
UNITED STATES DISTRICT JUDGE

/s/ Jeffrey J. Toney
Jeffrey J. Toney
Georgia Bar No. 714615
John L. North
Georgia Bar No. 545580
Paul G. Williams
Georgia Bar No. 764925
Meghan M. Rachford
Georgia Bar No. 766229
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
One Midtown Plaza, Suite 1150
1360 Peachtree St., N.E.
Atlanta, GA 30309
Telephone:  404-260-6080
Facsimile:  404-260-6081
Email:  jtoney@kasowitz.com
jnorth@kasowitz.com
pwilliams@kasowitz.com
mrachford@kasowitz.com

/s/ Dean L. Franklin
Michael Jay Goldman
Georgia Bar No. 300100
Robert Sheffield Thompson
Georgia Bar No. 709650
HAWKINS PARNELL THACKSTON
& YOUNG, LLP
303 Peachtree Street, N.E.
4000 SunTrust Plaza
Atlanta, GA 30308-3243
Telephone:  404-614-7400
Email:  mgoldman@hptylaw.com
rthompson@hptylaw.com

*AND*

Dean L. Franklin
Jonathan G. Musch
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101

*Attorneys for Plaintiff Healthier Choice Flooring, LLC*

Telephone:  314-552-6038
Facsimile:  314-552-7038
Email: dfranklin@thompsoncoburn.com
jmusch@thompsoncoburn.com


*Attorneys for Defendants CCA Global Partners, Inc., Carpet One, Inc., Dalton Carpet One Floor & Home, and Etowah Carpet One Floor & Home*

## **CERTIFICATE OF COMPLIANCE**

The undersigned attorney hereby certifies, pursuant to L.R. 7.1, N.D. Ga., that the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN was prepared in accordance with L.R. 5.1, N.D. Ga. using Times New Roman font, 14 point.

/s/ Jeffrey J. Toney
Jeffrey J. Toney
Georgia Bar No. 714615

## <u>CERTIFICATE OF SERVICE</u>

A copy of this document was filed with the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 2nd day of December, 2011.

<u>/s/ Jeffrey J. Toney</u>
Jeffrey J. Toney
Georgia Bar No. 714615
