UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEALTHIER CHOICE FLOORING, LLC, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:11-CV-2504-CAP |
| CCA GLOBAL PARTNERS, INC., DALTON CARPET ONE FLOOR & HOME, and ETOWAH CARPET ONE FLOOR & HOME, | |
| Defendants. | |

# O R D E R

This matter is before the court on more than twenty motions. Most recently filed is the plaintiff's motion for a scheduling conference [Doc. No. 266] "for the purpose of discussing the setting of dates for a pretrial conference and trial." Given the current posture of this litigation, this motion for a scheduling conference is ridiculously premature.

## I.  Summary Judgment Motions

The court is baffled at the method the parties utilized in filing dispositive motions. This is a case in which the plaintiff has asserted ten claims against the three defendants, and the three defendants have jointly asserted five substantive counterclaims against the plaintiff. Yet, the parties have filed the following motions for summary judgment:

(1) by the plaintiff as to the fraud counterclaim [Doc. No. 214],

(2) by the plaintiff as to the request for accounting relating to the defendants' trademark infringement counterclaims [Doc. No. 215],

(3) by the plaintiff as to the fraud counterclaim [Doc. No. 217],[1]

(4) by Defendant CCA Global Partners, Inc., ("CCA") as to the plaintiff's Lanham Act claim (Count V) and the plaintiff's unfair competition and deceptive trade practices claims (Counts VIII and IX) [Doc. No. 221],

(5) by Defendant CCA as to the plaintiff's Lanham Act claim (Count V) and the plaintiff's unfair competition and deceptive trade practices claims (Counts VIII and IX) [Doc. No. 222],[2]

(6) by Defendant CCA on the plaintiff's claims for trademark dilution (Counts III and VII) and as to its own counterclaim for declaratory judgment of no dilution (Counterclaim II) [Doc. No. 223],

---

[1] This motion is an amended version of the previous motion for summary judgment as to the fraud claim [Doc. No. 214]. The purpose of this filing was to correct a citation error in the original brief. Despite the necessity to make this small revision, the plaintiff re-filed its motion and all supporting documents totaling 137 pages.

[2] This filing is a duplicative filing of the prior motion [Doc. No. 221]. When notified of this mistake by the clerk of court, CCA filed a consent motion for leave to file a motion for summary judgment as to the plaintiff's trade dress infringement claim (Count IV) [Doc. 230] and indicated the intention of CCA to withdraw docket entry number 221 (the original motion as to Counts V, VIII, and IX).

(7) by Defendant CCA on its own counterclaim for fraud on the PTO (Counterclaim V) [Doc. No. 224];

(8) by Defendant CCA for partial summary judgment on its own counterclaim for trademark infringement (Counterclaim III);

(9) by Defendant CCA for on the plaintiff's claims of trademark infringement and unfair competition (Counts I, II, VI, and VIII) and for its own counterclaim for declaratory judgment of non-infringement [Doc. No. 226];

(10) by Defendant CCA for summary judgment on the plaintiff's accusation of counterfeiting contained within Count I of the Amended Complaint [Doc. No. 227];

(11) by Defendants Dalton Carpet One and Etowah Carpet One as to all the plaintiff's claim against them [Doc. No. 229].

Apparently, the defendants have created a combined statement of material facts and single set of exhibits that have been filed and re-filed with the eight summary judgment motions.  The plaintiff on the other hand has filed unique statements of material facts and supporting exhibits with each of its three motions for summary judgment.

At first glance, it appears the parties' procedure for filing dispositive motions was a ploy to avoid the court's page limitations on briefing.

Incredibly, however, the parties have filed motions seeking leave to file briefs in excess of the court's page limitations [Doc. Nos. 229 and 251] as to three motions for summary judgment and three response briefs.

The briefing on the motions for summary judgment—with replies not yet due—already amasses more than 400 pages; the statements of material facts and attached exhibits add another almost 7,000 pages of material the parties have asked the court to consider.  And, to add insult to injury, the parties have failed to provide the court with courtesy copies as required by Standing Order 04-01.

The task the parties have presented to the court is unreasonable.  While the court is aware that every party believes its own case to be of utmost importance, this case is not the only one on the court's docket.  It is the job of counsel to litigate this matter within the Federal Rules of Civil Procedure and the Local Rules of the court.  While neither authority specifically prohibits the filing of piecemeal motions for summary judgment, the court is certain that counsel in this matter are aware that this tactic is not the norm, at least not in this District.  Accordingly, the split motions for summary judgment [Doc. Nos. 214, 215, 217, 221, 222, 223, 224, 225, 226, and 227] are DISMISSED.  Likewise, the motion for leave to file CCA's motion for summary judgment as to the plaintiff's trade dress infringement

4

claim [Doc. No. 230] is DENIED.  The motion for summary judgment filed by Defendants Dalton Carpet One and Etowah Carpet One [Doc. No. 228] is a properly filed motion as it addresses all claims raised against these defendants.  Therefore, that motion will remain pending.[3]

Because the court has dismissed ten motions for summary judgment, the motions for leave to file excess pages for the briefs in support and in opposition to these motions [Doc. Nos. 229 and 251] are DISMISSED as moot.

The parties are DIRECTED to file their dispositive motions pursuant to the following guidelines:

(1) a party may file a single motion for summary judgment with respect to all claims raised against it;

(2) it is permissible (and encouraged) for a party to file a single motion for summary judgment that addresses its affirmative claims **and** the claims asserted against it; however, a party may file a second motion for summary judgment as to claims it has asserted against another party;

---

[3] The court notes that Dalton Carpet One and Etowah Carpet One are represented by the same counsel as Defendant CCA and that these defendants answered and counterclaimed jointly and rely upon the same combined statement of material facts and exhibits for their motions for summary judgment.  Therefore, it may be that when defense counsel returns to drawing board to file dispositive motions, the three defendants may wish to move jointly.  Therefore, it is permissible for the motion filed by Dalton Carpet One and Etowah Carpet One [Doc. No. 228] be withdrawn should counsel deem it prudent for the three defendants to move together.

(3) The page limitations for opening briefs and response briefs is extended to 60 pages; the page limitations for reply briefs is extended to 30 pages;

(4) the parties are required to provide the court with paper courtesy copies of all summary judgment motions, to include exhibits, and any response and reply to such motions; the motions shall be delivered to the chambers of the undersigned;

(5) dispositive motions shall be filed no later than June 14, 2013; the response times provided by the Federal Rules of Civil Procedure and the Local Rules of this court shall govern the time for filing responses and replies.

## II. Motions to Seal

In accordance with this court's protective order, the parties have submitted to chambers four motions for leave to file exhibits, deposition testimony, and portions of briefs under seal.

As an initial matter, the motion to file under seal by CCA dated April 19, 2013 contains an exhibit that has been redacted. The court is unsure whether the redacted document was submitted to the court by mistake or whether the CCA is seeking permission to file the redacted document under seal. As such, the court cannot adjudicate this motion.

The remaining three motions seek to seal vast amounts of documentary and testimonial evidence as well as portions of briefs and statements of fact. The parties, in the briefs in support of the motions to seal, acknowledge the court's requirement of showing very good cause; however, the explanations of the "very good cause" are general assertions of business confidentiality.[4] The court will require a stronger showing of good cause before allowing the parties to hide from public view the vast amounts of evidence they wish the court to consider in adjudicating this matter. The court will conduct a hearing on Tuesday, May 14, 2013 at 10:30 a.m. to allow the parties the opportunity to demonstrate the need for sealing the documents and depositions at issue here.

## III. Conclusion

Based on the foregoing,

(1) the plaintiff's motion for scheduling conference [Doc. No. 266] is DENIED;

---

[4] A small portion of the deposition testimony sought to be sealed is based upon the court's Standing Order 04-02 that prohibits the filing of documents containing a person's home address. However, that order provides for the redaction of identifying information. The only basis for sealing information addressed by Standing Order 04-02 would be if a party sought to file a redacted version publicly on the docket while submitting an unredacted version to the court for consideration. The court cannot imagine that the home addresses of the witnesses deposed in this case are critical to judicial rulings. Therefore, there would be no need to file an unredacted version of the deposition for the court's consideration.

(2) the motions for summary judgment [Doc. Nos. 214, 215, 217, 221, 222, 223, 224, 225, 226 and 227] (with the exception of the motion for summary judgment filed by Defendants Dalton Carpets One and Etowah Carpets One [Doc. No. 228]) are DISMISSED;

(3) the motions for leave to file excess pages [Doc. Nos. 229 and 251] are DISMISSED as moot;

(4) the motion for leave to file motion for summary judgment as to the plaintiff's trade dress infringement claim [Doc. No. 230] is DENIED;

(5) the motion for leave to file demonstrative physical exhibits [Doc. No. 220] is GRANTED; any party wishing to submit demonstrative physical exhibits in support of a motion for summary judgment may do so by electronically submitting a photograph of the item and delivering the item itself to the chambers of the undersigned;

(6) the court will conduct a hearing on May 14, at 10:30 a.m. in Courtroom 2307 to address the parties motions for leave to file under seal;

(7) dispositive motions that comply with the guidelines set forth above are due no later than June 14, 2013.

**SO ORDERED** this 10th day of May, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge