UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEALTHIER CHOICE FLOORING, LLC, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:11-CV-2504-CAP |
| CCA GLOBAL PARTNERS, INC., DALTON CARPET ONE FLOOR & HOME, and ETOWAH CARPET ONE FLOOR & HOME, | |
| Defendants. | |

**O R D E R**

This matter is before the court on the defendants' motion to supplement their answer to the amended complaint and counterclaims [Doc. No. 185], the plaintiff's motion for leave to file a surreply [Doc. No. 199], and the plaintiff's motion to strike the defendant's supplemental answer, defenses, and counterclaims filed on March 22, 2013 [Doc. No. 237].

**I. Procedural History**

The operative pleading by the plaintiff in this action is the Amended Complaint filed June 18, 2012 [Doc. No. 70], which raises ten counts against the defendants. In response, the defendants filed, on July 9, 2012, an answer to the amended complaint and five counterclaims [Doc. No. 82], including a claim for fraud on the Patent and Trademark Office ("PTO") based upon the

filing of an incontestability declaration ("8 & 15 Declaration") by the plaintiff's President. On July 23, 2012, the plaintiff filed an answer to the defendants' counterclaims [Doc. No. 92]. On the same date, the plaintiff moved to dismiss three of the counterclaims, including the claim of fraud on the PTO [Doc. No. 95]. This motion was denied by the court on September 6, 2012 [Doc. No. 132].

Discovery in this matter proceeded with the oversight of a special master. Based upon the recommendation of the Special Master, which was adopted by the court, discovery closed on February 8, 2013.

**II. Motion to Supplement Answer and Counterclaims [Doc. No. 185]**

On December 28, 2012, the defendants filed a motion to supplement their answer and counterclaims [Doc. No. 185]. The motion was filed pursuant to Federal Rules of Civil Procedure 16(b) and 15(d). Specifically, the defendants seek to supplement factual allegations in support of counterclaim V (fraud on the PTO).

"District courts are required to enter a scheduling order that limits the time to . . . amend the pleadings." *Sosa v. Airprint Systems*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16(b)). In circumstances where a motion for leave to amend is filed after the deadline for amendments set forth in a scheduling order, the moving party must demonstrate that there is "good

2

cause" for the amendment or the court cannot modify the schedule. *Id.* However, the motion before the court here is not a motion to for leave to amend pursuant to Rule 15(a). Rather, the motion is one to supplement pursuant to Rule 15(d).

>Rule 15(d) provides:
>
>On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Notably, supplementation (as opposed to amendment) contemplates the addition of transactions, occurrences, or events that happened <u>after</u> the date of the original pleading.

In the proposed supplemented pleading [Doc. No. 185-1], the only occurrence that is alleged to have happened <u>after</u> the counterclaim was initially filed is "HCF's still has not withdrawn the 8 & 15 Declaration filed on March 16, 2012." [Doc. No. 185-2 at ¶ 67]. While this allegation may properly be characterized as a supplement, the court questions its necessity within the counterclaim. The claim of fraud on the PTO will ultimately be determined on its merits; the fact that the plaintiff remains steadfast in its position that the 8 & 15 Declaration was proper will not alter the outcome.

3

All other "supplements" to the counterclaim allege facts that occurred prior to filing the counterclaim.  The court recognizes that the defendants contend these facts were learned through discovery that occurred after the counterclaim was asserted.  However, to the extent the defendants seek to add factual allegations gleaned during discovery, the proper motion would be one to amend pursuant to Rule 15(a).  The defendant has not sought leave to amend.

Because the only factual allegation made by the defendants that could fall under Rule 15(d) is irrelevant, the motion to supplement [Doc. No. 185] is DENIED.  The court did not consider the surreply submitted by the plaintiff; accordingly, the motion for leave to file a surreply [Doc. No. 199] is DENIED.

**III. Motion to Strike Supplemental Answer [Doc. No. 237]**

Without leave of court and without consent of the plaintiff, the defendants filed a supplemental answer to the amended complaint [Doc. No. 218].  The plaintiff has moved to strike this pleading [Doc. No. 237].[1]

In response to the motion to strike, the defendants  argues they were required to make this filing as a result of the court's order denying their motion to dismiss.  The defendants are correct to the extent the changes in

---

[1] The court notes that in the motion to strike, the plaintiff asserts its consent to certain modifications made by the defendants in the supplemental answer. The defendants are free to file an amended answer to the extent it obtains the plaintiff's consent pursuant to Federal Rule 15(a)(2).

4

their pleading pertain to the ruling on the motion to dismiss. However, the defendants attempt to make changes to additional portions of their pleading. The defendants shall not use Rule 12(a)(4) as a method to circumvent the requirements of Rule 15.

The plaintiff's motion to strike the supplemental answer filed by the defendants on March 22, 2012 [Doc. No. 237] is GRANTED. The clerk is DIRECTED to strike docket entry 218. The defendants are ORDERED to file, within 14 days of the date of this order, an amended answer that modifies only the portion of the pleading that reflects the court's ruling on the motion to dismiss the false advertising claims. The remainder of the pleading shall remain unchanged.

**IV. Conclusion**

Based upon the foregoing,

(1) the defendants' motion to supplement [Doc. No. 185] is DENIED;

(2) the plaintiff's motion for leave to file a surreply [Doc. No. 199] is DENIED;

(3) the plaintiff's motion to strike [Doc. No. 237] is GRANTED.

**SO ORDERED** this 14th day of May, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge